On the other hand, the court reasonably found irrelevant any information and documents related to chafing along the gas pipe that on one dryer created a groove after substantial use. The dryers at the camp here had been installed only a short time prior to the fire. As they could not have sustained this type of repetitive wear, disclosure on that issue was irrelevant and unnecessary.

While plaintiff contends that Supreme Court improperly referred to its first set of disclosure demands, the motion to compel did not clearly delineate which set of demand responses plaintiff deemed insufficient. The court properly ruled that requests for certain documents or information from up to five years after the accident were overbroad. Requests for information pertaining to all accidents related to this model of dryer could be burdensome and were overbroad. Yet the court held that plaintiff was entitled to Wascomat's customer lists from the relevant time periods, which could lead to proof of other accidents or defects. The court also permitted plaintiff to file proper demands, presumably providing plaintiff an opportunity to file another motion if it is again unsatisfied with Wascomat's responses. Considering the balanced nature of the court's ruling, we find no abuse of discretion (*see Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC,* 31 AD3d 983, 988 [2006]).

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.

 In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; EDWARD J. ALBOWICZ, Respondent. [931 NYS2d 916]—

Per Curiam.

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Mercure, J.P., Peters, Spain, Rose and Lahtinen, JJ., concur.

Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; BRIAN P. KOWALSKI, Respondent. [931 NYS2d 916]—

Per Curiam.

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Mercure, J.P., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; RANDY S. PERLMAN, Respondent. [931 NYS2d 917]—

Per Curiam.

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Mercure, J.P., Peters, Spain, Rose and Lahtinen, JJ., concur.